

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ABS:AE
F. #2020R01145

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 10, 2021

By Secure File Transfer and Email

James R. Froccaro, Esq.
20 Vanderventer Avenue Suite 103W
Port Washington, NY 11050

Isabelle Kirshner, Esq.
Clayman & Rosenberg
305 Madison Avenue Ste 1301
New York, NY 10165

   Re: United States v. Peter Khaim, et al.
      Criminal Docket No. 20-580 (AMD)

Dear Counsel:

  Enclosed please find the government's initial discovery via secure file transfer and email (the "Production"). The Production has been encrypted, and the password will be sent to you separately by email. The contents of the Production have been designated "confidential" under the terms of the Protective Order in this case that was agreed to and acknowledged by you. The government also requests reciprocal discovery from the defendants.

I. The Government's Discovery

  A. Defendants' Criminal History

  A copy of each defendant's respective criminal history is being provided to each defendant separately by e-mail.

  B. Documents and Tangible Objects

   1. Documents from Third Parties

  The government has obtained documents and records from multiple third-party sources. Included in the production are folders containing financial records, which are labeled accordingly by the relevant financial institution.

  Enclosed with these materials are affidavits and declarations concerning the authenticity of records as business records, pursuant to Federal Rules of Evidence 803(6) and

902(11), and the government intends to proffer those records into evidence at trial as self-authenticating.  See United States v. Komasa, 767 F.3d 151 (2d Cir. 2014).

    C.    Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

    D.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

    E.    Brady Material

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

    F.    Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that each defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that each defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of each defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

DANIEL KAHN
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:     /s/ Andrew Estes
Andrew Estes
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(718) 254-6250

Enclosures (by File Transfer and E-mail)

cc:     Clerk of the Court (AMD) (by ECF) (without enclosures)